# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 31, 2019

```
* * * * * * * * * * * * *   *
JULIA WELLS,                *     No. 18-381V
                            *
         Petitioner,        *     Special Master Sanders
                            *
v.                          *
                            *
SECRETARY OF HEALTH         *     Dismissal; Insufficient Proof;
AND HUMAN SERVICES,         *     Influenza ("Flu") Vaccine; Hearing Loss
                            *
         Respondent.        *
* * * * * * * * * * * * *   *
```

**DECISION[1]**

On March 12, 2018, Julia Wells ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioner alleged that she suffered hearing loss as a result of the influenza ("flu") vaccine she received on September 27, 2017. Am. Pet. at 1, ECF No. 15. The information in the record, however, does not show entitlement to an award under the Program.

On July 31, 2019, Petitioner filed a motion to voluntarily dismiss her petition.[3] ECF No. 28. In her motion, Petitioner noted that her decision to voluntarily dismiss her petition "is based on independent factor(s) outside of Respondent's position." *Id.* at 1. Petitioner further stated that she had discussed this matter with counsel and "is dismissing [her petition based] on her own independent knowledge." *Id.*

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Petitioner and her counsel appeared together for a status conference on July 23, 2019, during which Petitioner indicated that, based on conversations with her counsel regarding the strengths and weaknesses of her case, she had determined that she did not wish to continue in the Program. ECF No. 27; Min. Entry, docketed July 23, 2019.

To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence that Petitioner's alleged injury was caused by the flu vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.